THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COSTCO WHOLESALE CORPORATION,

Plaintiff,

v.

FEDERAL INSURANCE COMPANY,
a foreign insurer authorized by the Washington
insurance commissioner,

Defendant.

No. 2:26-cv-02263-RSM

**FEDERAL INSURANCE COMPANY'S MOTION TO DISMISS**

NOTE ON MOTION CALENDAR:
Wednesday, August 26, 2026

Defendant Federal Insurance Company ("Federal"), by and through counsel, moves to dismiss the Complaint of Plaintiff Costco Wholesale Corporation ("Costco") for failure to state a claim under Rule 12(b)(6).

## I.    <u>INTRODUCTION</u>

This is a coverage dispute between Federal and Costco with respect to additional insured coverage under a policy issued by Federal to Stylecraft Home Collection, Inc. ("Stylecraft"). The policy contains a vendor provision providing additional insured coverage to a vendor only with respect to liability for bodily injury "resulting from the distribution or sale of [Stylecraft's] products in regular course of their business.…" Costco alleges that it is entitled to additional insured coverage for a suit filed against it in California for damages caused by stock boxes falling on a customer at a Costco location in California. Since there are no allegations that this injury

FEDERAL INSURANCE COMPANY'S MOTION TO DISMISS - 1
[Case No. 2:26-cv-02263-RSM]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

116837080\2

occurred as a result of Stylecraft's product, the complaint, which is predicated on Costco's argument for coverage, fails to state a cause of action for which relief can be granted.

In the alternative, Costco's claim under Washington's Insurance Fair Conduct Act fails because Washington law is inapplicable under this Court's choice of law rules. The only contact in Washington is Costco's headquarters, which does not justify applying Washington law. For all these reasons, the Court should dismiss Costco's complaint.

## II.    FACTUAL BACKGROUND

### A.    Complaint Allegations

On or about July 22, 2005, Costco and Stylecraft entered into a written Costco Wholesale Vendor Agreement (Basic), which is incorporated by reference the Costco Wholesale Terms United States (2000) (collectively the "Agreement"). Dkt. 1-2 at ¶ 7. The Agreement required Stylecraft to supply products to Costco. *Id*. By its express terms, the Agreement requires Stylecraft to indemnify Costco and maintain insurance naming Costco as an additional insured. *Id*. at ¶¶ 7- 8.

On February 20, 2025, Arcelia Sorkin ("Sorkin") filed a suit against Costco captioned *Sorkin v. Costco Wholesale Corporation*, pending in California Superior Court for Orange County, Case No. 30-2025-0146190-CU-PO-CJC (the "Sorkin Suit"). *Id*. at ¶ 13. The Sorkin Suit alleges that Sorkin suffered bodily injury on February 21, 2023, when stock boxes fell in the garden section of Costco's warehouse fell on her. *Id*. Costco tendered the Sorkin Suit to Federal under Policy No. 3590-13-87 issued to Stylecraft. *Id*. at ¶¶ 9, 15.  Federal has not agreed to defend or indemnify Costco. *Id*. at ¶¶ 15- 16. Costco alleges that Federal's failure to provide coverage to Costco for the Sorkin Suit was unreasonable and based upon an inadequate coverage investigation. *Id*. at ¶ 18.

On or after May 19, 2026, Costco served an unfiled complaint against Federal, seeking a judicial determination of its rights and Federal's obligations under the policy issued by Federal to Stylecraft with respect to the Sorkin Suit. *Id*. at ¶¶ 21-24. Costco also asserts claims for breach

FEDERAL INSURANCE COMPANY'S MOTION TO DISMISS - 2
[Case No. 2:26-cv-02263-RSM]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

116837080\2

of the insurance policy. *Id.* at ¶¶ 25-28. Costco alleges that Federal violated the Insurance Fair Conduct Act by unreasonably failing to pay all covered losses. *Id.* at ¶¶ 29-35. Finally, Costco alleges that Federal acted in bad faith by not issuing a substantive coverage determination acknowledging coverage for the Sorkin Suit and not providing Costco with coverage for the suit. *Id.* at ¶¶ 36-40. Costco seeks a declaration that Federal has a duty to defend Costco in the Sorkin Suit, damages, attorneys fees, and treble damages pursuant to the Insurance Fair Claims Act.

**B.    Sorkin Suit**

Sorkin filed the Sorkin Suit against Costco on or about February 20, 2025. Sorkin alleges that she was injured in the garden section at a Costco located at 5401 Katella Avenue, Cypress, California. Toren Dec., Ex. C at p. 4-5. Sorkin alleges that Costco permitted "water/oil/lotion/etc. to remain unattended, causing a dangerous condition to its invitees" and that she was injured when "boxes fell over Plaintiff." *Id.* at p. 4. Sorkin alleges Costco is liable under theories of general negligence and premises liability—***not*** product liability. *Id.* at p. 4-5. She seeks compensatory damages, including hospital and medical expenses. *Id.* at p. 3. Stylecraft is not named as a defendant in the Sorkin Suit, nor does the Sorkin Suit even mention what was contained in the boxes that fell. *Id.* at p. 1.

**C.    The Policy**

Federal Insurance Company issued Policy No. 3590-13-87 to Stylecraft, effective September 1, 2022 to September 1, 2023 (the "Policy"). Toren Dec., Ex. A. The Policy provides general liability coverage up to $1 million per occurrence limit. *Id.* at p. 104.  The Policy states that Federal will pay damages that "the insured becomes legally liable to pay by reason of liability" for bodily injury caused by an occurrence to which coverage applies. *Id.*, Ex. B at p. 3. With respect to who is an insured, the Policy contains the following language relating to vendors:

> Persons or organizations who are vendors of **your products** are **insureds**; but they are **insureds** only with respect to their liability for damages for **bodily injury** or **property damage** resulting from the distribution or sale of **your products** in regular course

FEDERAL INSURANCE COMPANY'S MOTION TO DISMISS - 3
[Case No. 2:26-cv-02263-RSM]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

116837080\2

of their business and only if this insurance applies to the **products-completed operations hazard**.

\* \* \*

*Id.*, at p. 7.

### III.    LEGAL AUTHORITY AND ARGUMENT

#### A.    Legal Standards

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*   Unless a plaintiff's well-pleaded allegations have "nudged [its] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although motions to dismiss are limited to the facts alleged in a complaint, a court may "consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice- without converting the motion to dismiss into summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A document is incorporated by reference if the plaintiff refers to it extensively to the document or the document forms the basis of the plaintiff's complaint. *Id.* Insurance policies and underlying pleadings that form the basis of the complaint, including an alleged breach of a policy, can be considered without converting a motion to dismiss into a motion for summary judgment. *See Li v. Am. Fam. Mut. Ins. Co., et al.,* 2026 WL 1758635, at \*3 (W.D. Wash. June 18, 2026) (permitting consideration of policy in coverage dispute); *Biltmore Assocs., LLC v. Twin City Fire Ins. Co.*, 572 F.3d 663, 665 n. 1 (9th Cir. 2009) (same).

FEDERAL INSURANCE COMPANY'S MOTION TO DISMISS - 4
[Case No. 2:26-cv-02263-RSM]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

116837080\2

Costco repeatedly refers to the Policy and the Sorkin Suit, including alleging a breach of contract and seeking a declaratory judgment that it is entitled to coverage under the Policy for defense and indemnification of the Sorkin Suit. Dkt. 1-2, ¶¶ 9, 21-28.  Since the Policy and the Sorkin Suit forms the basis for Costco's allegations, the Court may consider the both as part of Federal's motion.

B.    **There is No Coverage Since Sorkin's Bodily Injury Did Not Result from the Distribution or Sale of Stylecraft's Products**

Costco's complaint fails to state a plausible claim for additional insured coverage. The Policy states that Federal will pay damages that "the insured becomes legally liable to pay by reason of liability" for bodily injury caused by an occurrence to which coverage applies. Toren Dec., Ex. B at p. 3. Costco is not a named insured under the Policy, nor does Costco allege it is a named insured. Vendors of Stylecraft's products are insureds but only with respect to bodily injury "resulting from the distribution or sale of your products in the regular course of business only if this insurance applies to the products-completed operations hazard." *Id*. at p. 7.

The "purpose of a vendor's endorsement is to protect the vendor (i.e., dealer or other distributor) against the expense of being dragged as an additional defendant into a lawsuit arising from a defect in a product that it distributes." *Hartford Fire Ins. Co. v. St. Paul Surplus Lines Ins. Co.*, 280 F.3d 744, 746 (7th Cir. 2002). It makes sense for the manufacturer to buy the insurance for this risk as it has a better sense of the work of suits complaining about defects in its product. *Id*. "This assumes, however, that the vendor's role in the distribution of the product is passive." *Id*. For example, the manufacturer would be unlikely to insure the vendor against defects introduced by the vendor itself or may be responsible for the alleged defect out of which the products liability suit arises. *Id. See also SDR Co. v. Federal Ins. Co.*, 242 Cal. Rptr. 534, 538 (Cal. Ct. App. 1987) (stating that the vendor's endorsement is intended to protect the vendor from liability because of a defect sold by the named insured); *Mitchell v. Stop & Shop Companies, Inc.*, 672 N.E.2d 544, 545-46 (Mass. App. Ct. 1996) (reasoning that injury to a

FEDERAL INSURANCE COMPANY'S MOTION TO DISMISS - 5
[Case No. 2:26-cv-02263-RSM]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

116837080\2

delivery person in the course of delivering a manufacturer's product cannot be said to have arisen "in the distribution or sale in the regular course of" the manufacturer's business because the factors that caused the accident were not related to a defect in the product); *Senco of Florida, Inc. v. Continental Casualty Co.*, 440 So.2d 625, 626 (Fla. Ct. App. 1983) (stating the "purpose of the vendors broad form endorsement is to provide coverage for vendors who sell a manufactured product without material alteration. Clearly, neither the manufacturer nor its insurance carrier has any control over the design of the product after it has left the manufacturer's control").

In *SDR Co., Inc. v. Federal Insurance Co.*, 196 Cal. App.3d 1433, 1435 (Cal. App. 1987), SDR sold bottled liquid drain cleaner containing sulfuric acid. SDR bought empty plastic bottles from Arroyo. *Id*. Customers were subsequently injured by the sulfuric acid. *Id*. at 1436. SDR sought coverage under a vendor provision in Arroyo's policy providing coverage for SDR as a vendor "only with respect to the distribution or sale in the regular course of the vendor's business of" Arroyo's products. *Id*. at 1435. Based on this language, the California Court of Appeals agreed with the insurer that "additional insured" coverage was limited to claims related to a defect in the named insured's product, i.e., the bottle. *Id*. at 1437. It held there was no coverage for injuries caused by the sulfuric acid liquid since there was no nexus between Arroyo's product (the bottle) and the injury allegedly caused by splattering acid. *Id*.

In *Salerno v. Atlantic Mutual Insurance Co.*, 6 P.3d 758, 762 (Ariz. App. 1st Div. 2000), an Arizona appellate court interpreted a provision providing coverage for bodily injury arising out of the named insured's products "which are sold or distributed in the regular course of the vendor's business." In the underlying case, the claimant fell at a school book fair. *Id*. The underlying court ruled that the that the school, not the insured that sold the books, had control over the book fair. *Id*. at 760. Despite this, the school sought coverage under the seller's policy. *Id*. On appeal from a declaratory judgment action, an Arizona appellate court held that the policy

FEDERAL INSURANCE COMPANY'S MOTION TO DISMISS - 6
[Case No. 2:26-cv-02263-RSM]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

116837080\2

did not provide commercial general liability insurance for all aspects of the product's sale or provide premises liability coverage for all locations where the product was sold. *Id*. at 763.

Here, the alleged connection between the plaintiff's injuries and Stylecraft's product is even more tenuous, and the lack of coverage is even clearer. The Policy extends "insured" status to a vendor of Stylecraft's products only with respect to damages for bodily injury "resulting from the distribution or sale of [Stylecraft's] products in regular course of their business …" The Sorkin Suit asserts a ***premises liability*** claim for bodily injury suffered when stock boxes allegedly fell on Sorkin, which the suit attributes entirely to store maintenance issues ("water/oil/lotion/etc." left unattended) ***entirely unrelated*** to the products in the boxes. There is no allegation that the injury resulted from Stylecraft's appliance product in any way. The Sorkin Suit does not even mention Stylecraft or the products contained in the boxes—because they are irrelevant to the claims. Costco here alleges that the boxes contained Stylecraft's products, and by this sheer happenstance, seeks to shift liability for its own allegedly negligent maintenance of its store to Stylecraft's insurer.

Costco's claim fails to reach the level of plausibility. Costco fails to allege facts under which it could conceivably qualify as an "insured" under Stylecraft's Policy for the Sorkin Suit. As its Complaint against Federal is predicated entirely on such insured status, the Complaint must be dismissed in its entirety.

### C.     Costco's Insurance Fair Claims Act Should Be Dismissed Because Washington Law Does Not Apply

Alternatively, at minimum, Costco's claim under Washington's Insurance Fair Claims Act ("IFCA") does not state a claim for relief because Washington law does not apply. A federal court sitting in diversity applies the forum state's choice of law rules. *Milgard Mfg., Inc. v. Illinois Union Ins. Co.*, 2011 WL 3298912, at *3 (W.D. Wash. Aug. 1, 2011). Washington choice of law rules dictate that, when parties dispute choice of law, there must be an actual conflict between the laws or interests of Washington and the laws or interests of another state before the

FEDERAL INSURANCE COMPANY'S MOTION TO DISMISS - 7
[Case No. 2:26-cv-02263-RSM]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

116837080\2

court will engage in a conflict of law analysis. *Id*. Absent an actual conflict, Washington law presumptively applies. *Id*.

There is an actual conflict between Washington and California and Mississippi law with respect to Costco's IFCA claim. Costco alleges that Federal unreasonably denied coverage and benefits to Costco in violation of IFCA, including RCW 48.30.010, RCW 48.30.015, and WAC 284-30-330. Dkt. 1-2 at ¶ 32. Costco seeks damages, including treble damages and attorney's fees under IFCA. *Id*. at ¶ 35. California and Mississippi insurance regulating statutes do not permit private causes of action. *Moradi–Shalal v. Fireman's Fund Ins. Co.,* 46 Cal.3d 287, 304, 250 Cal.Rptr. 116, 758 P.2d 58 (1988); *Davenport v. St. Paul Fire and Marine Ins. Co.*, 978 F.2d 927, 934 (5th Cir. 1992) (applying Mississippi law). Accordingly, there is a conflict between Washington, on the one hand, and Mississippi and California, on the other hand. *See Costco Wholesale Corp. v. Nationwide Mut. Ins. Co.*, 2012 WL 4320715, at *2 (W.D. Wash. Sept. 20, 2012) (finding a conflict between Washington and California because California does not permit a private right of action for an insurance regulating statute).

After a court concludes there is an actual conflict between the law of the multiple states on any given issue, Washington courts consider 1) the place where the injury occurred, 2) the place where the conduct causing the injury occurred, 3) the domicile, place of incorporation, and place of business of the parties, and 4) the place where the relationship, if any, between the parties is centered. *MKB Constructors v. Am. Zurich Ins. Co.*, 49 F. Supp. 3d 814, 832 (W.D. Wash. 2014). An additional insured's place of injury is the place where it incurred costs to defend itself. *Polygon N.W. Co. v. Natl. Fire and Marine Ins. Co.*, 2011 WL 2020749, at *6 (W.D. Wash. May 24, 2011). The place of conduct in the insurance context is where the insurance company makes its coverage decisions. *Id*.; *Lange v. Penn Mut. Life Ins. Co.*, 843 F.2d 1175, 1179 (9th Cir. 1988). When determining the place of the center of the relationship, courts look to the location where the insurer makes coverage decisions, where the contract of insurance was requested and issued, and where the underlying liability occurred and is being litigated. *MKB*

FEDERAL INSURANCE COMPANY'S MOTION TO DISMISS - 8
[Case No. 2:26-cv-02263-RSM]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

116837080\2

*Constructors*, 49 F. Supp. 3d at 833. The court's approach is to consider which contacts are most significant and to determine where these contacts are found. *Id*. If the contacts are evenly balanced, the second step is to consider the interests and public policies of the concerned states. *Id*.

In *Polygon N.W. Co. v. Natl. Fire and Marine Ins. Co.,* 2011 WL 2020749 (W.D. Wash. May 24, 2011), the court considered whether Washington law applied to the plaintiff's consumer protection and IFCA claims. When analyzing the contacts, the court noted that the insured had to defend itself in a suit in Oregon and that the conduct causing the injury took place in Nebraska and Oregon, where the denial and alleged deficient investigation occurred. *Id*. at *6. Most importantly, the relationship between the parties was centered in Oregon, where 1) the named insured sought coverage, 2) the insured entered into the contract, 3) the named insured entered into the contract with the plaintiff requiring additional insured coverage, 4) where the location of the risk and injury were located, and 5) where the underlying case was being litigated. *Id*. Ultimately, the court reasoned that the contacts demonstrated that Oregon had the most significant relationship to the occurrence and parties and dismissed the consumer protection and IFCA claims. *Id*.

Similar to *Polygon N.W. Co.*, the overwhelming majority of contacts are located outside Washington. The Sorkin Suit was filed in California. Dkt. 1 at ¶ 13. Sorkin was injured in California. Toren Dec., Ex. C, at p. 4-5. Federal is not domiciled in Washington. The Policy was requested by Stylecraft, located Mississippi, to cover Stylecraft's liability for its products. Toren Dec., Ex. A. at p. 104. There is no assertion that Federal or Stylecraft intended the Policy to be interpreted under Washington law or that Stylecraft's products were sold in Washington.[1]

Moreover, courts in this district have rejected arguments, including from Costco itself, for applying Washington law where the only connection to Washington has been the location of

---

[1] Although the Complaint alleges the agreement between Costco and Stylecraft must be interpreted under Washington law, courts have rejected this as a reason to apply Washington law because the subcontract does not govern any relationship with the insurer. *See Costco Wholesale Corp.*, 2012 WL 4320715, *4.

FEDERAL INSURANCE COMPANY'S MOTION TO DISMISS - 9
[Case No. 2:26-cv-02263-RSM]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

116837080\2

the putative additional insured. *See e.g., Costco Wholesale Corp*, 2012 WL 4320715, at *2; *T-Mobile USA, Inc. v. Selective Ins. Co. of Am.*, 2016 WL 1464468, at *10 (W.D. Wash. Apr. 14, 2016); *Polygon N.W. Co.*, 2011 WL 2020749, at *6. "Residence in the forum state alone has not been considered a sufficient relation to the action to warrant application of forum law." *Polygon N.W. Co.*, 2011 WL 2020749 at *6 (quoting *Rice v. Dow Chem. Co.*, 875 P.2d 1213, 1219 (1994)). *See also* Restatement (Second) of Conflict of Law § 145, cmt. e (1971) (stating the that "one of the parties is domiciled … in a given state will usually carry little weight of itself). Since only contact with Washington is Costco's headquarters, Washington law does not apply in this case.

For the reasons stated above, Washington law does not apply. Only Washington provides a private right of action for claims similar to those Costco seeks under IFCA. Therefore, the Costco's complaint does not plead a cause of action for which relief can be granted, and therefore, Federal alternatively seeks dismissal of the cause of action under IFCA.

## IV.   CONCLUSION

For the reasons stated above, Federal respectfully requests that this Court dismiss the complaint with prejudice. Alternatively, Federal requests that the Court dismiss the cause of action under IFCA. Federal also requests any further relief as the Court may deem just and proper.

## VERIFICATION

I certified that this motion contains 3,259 words in compliance with Local Civil Rule 7(e)(6), excluding any caption, tables of contents, tables of authorities, signature blocks, and certificates of service.

FEDERAL INSURANCE COMPANY'S MOTION TO DISMISS - 10
[Case No. 2:26-cv-02263-RSM]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

116837080\2

DATED this 29th day of July, 2026.

COZEN O'CONNOR

By:   /s/ Jonathan Toren
Jonathan Toren, WSBA No. 46896
999 Third Avenue, Suite 1900
Seattle, Washington 98101
Phone: (206) 340-1000
Fax:  (206) 621-8783
Email:  jtoren@cozen.com

*Attorneys for Defendant Federal Insurance Company*

FEDERAL INSURANCE COMPANY'S MOTION TO DISMISS - 11
[Case No. 2:26-cv-02263-RSM]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

116837080\2

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record:

Bradley Hoff
Jennifer Oswald
Buchalter LLP
600 University Street, Suite 3100
Seattle, WA 98101
bhoff@buchalter.com
joswald@buchalter.com

*Attorneys for Plaintiff Costco Wholesale Corporation*

DATED this 29th day of July, 2026.

COZEN O'CONNOR

By:  /s/ Jonathan Toren
Jonathan Toren, WSBA No. 46896
999 Third Avenue, Suite 1900
Seattle, Washington 98101
Phone: (206) 340-1000
Fax:  (206) 621-8783
Email:  jtoren@cozen.com

FEDERAL INSURANCE COMPANY'S MOTION TO DISMISS - 12
[Case No. 2:26-cv-02263-RSM]

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

116837080\2